J-S07013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA
                                          :
               v.                                :
                                          :
                                          :
ROBERT LEE JOHNSON II                  :
                                          :
             Appellant                  :     No. 1041 MDA 2023

Appeal from the PCRA Order Entered June 27, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004399-2018

BEFORE:    LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:             **FILED MARCH 07, 2024**

Robert Lee Johnson II appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In addition to a counseled appellate brief, Johnson has filed a *pro se* Application for Remand to address his layered claims of ineffective assistance of counsel with respect to PCRA and trial counsel. After review, we grant Johnson's Application for Remand, vacate the PCRA court's order, and remand for further proceedings in accordance with our instructions.

The trial court set out the factual history of this case, which our Court adopted on direct appeal. *See Commonwealth v. Johnson*, 241 A.3d 477 (Pa. Super. 2020) (Table). Briefly, Johnson's conviction stems from a May 22, 2018, shooting in the City of York, Pennsylvania, in which the victim was shot

_____

[*] Retired Senior Judge assigned to the Superior Court.

and killed after a bullet entered through his arm and penetrated his heart.

Witnesses identified Johnson as the shooter. The PCRA court set out the

procedural history of this case as follows:

> [Johnson] was charged with[] murder of the first degree[1], murder of [the] third degree[2], and voluntary manslaughter[3]. []Richard Robinson, Esquire, (hereinafter referred to as "trial counsel") represented [Johnson] during the trial proceedings.
>
> > [1] 18 [Pa.C.S.A.] § 2502(a)[.]
> >
> > [2] [*Id.* at] § 2502(c)[.]
> >
> > [3] [*Id.* at] § 2503 — The Commonwealth made an oral motion to amend the information to include a charge of voluntary manslaughter during the charge conference; the parties agreed to the amendment and this Court granted the motion.
>
> Following a jury trial on September 9, 2019, through September 11, 2019, the jury unanimously convicted [Johnson] of first-degree murder.
>
> On October 21, 2019, [Johnson] was sentenced to life incarceration without the possibility of parole. On October 31, 2019, [Johnson] filed a post-sentence motion that this court denied on November 6, 2019.
>
> On November 18, 2019, Korey Leslie, Esquire, on behalf of [Johnson], filed a notice of appeal to the Pennsylvania Superior Court. On October 29, 2020, the Pennsylvania Superior Court affirmed the judgment of sentence.
>
> On November 29, 2021, a [PCRA] Petition [] was filed by Todd M. Mosser, Esquire, on behalf of [Johnson]. On December 21, 2021, [Johnson] filed a *pro se* motion for PCRA [relief]. On March 16, 2022, Attorney Mosser filed a motion for continuance and request to file an amended PCRA to incorporate issues raised in [Johnson's] *pro se* PCRA [petition,] which was granted on March 18, 2022. On April 29, 2022, Attorney Mosser filed a motion to withdraw, at [Johnson]'s request, citing irreconcilable differences and that a meaningful attorney-client relationship no longer existed. On July 1, 2022, this court granted the motion and allowed Attorney Mosser to withdraw as counsel. On July 11,

2022, this court appointed Aaron Holt, Esquire, as PCRA counsel for [Johnson]. On August 31, 2022, Attorney Holt filed a motion to withdraw []. On September 8, 2022, Attorney Holt's motion to withdraw was granted and Brandy Hoke, Esquire, was appointed PCRA counsel.

[Attorney Hoke filed a] supplemental PCRA petition [] on December 8, 2022. A second supplemental PCRA petition was filed on February 15, 2023. On April 4, 2023, a hearing was held. [Johnson] appeared by Zoom [] from SCI Forest. At that time, Attorney Hoke indicated to the court that, subsequent to lengthy discussions with [Johnson] regarding the issues raised in his *pro se* PCRA petition and disagreements as to the merits of those issues, it was her intention to proceed on a single issue that is the claim involving ineffective assistance of [trial] counsel for failure to call a witness, Ashely Rodriguez, to testify.

This court questioned [Johnson] as to whether he wished to proceed with the court-appointed counsel that had reviewed the merits of his *pro se* PCRA petition, finding all but one claim meritless[,] or [whether he wished to] proceed unrepresented and be colloquied by the court on his waiver of counsel. [Johnson] indicated he understood his options and that he wanted to have his witness testify[,] but also raise his other issues and preserve them for appeal. This court asked [Johnson], several times, if he wished to move forward with counsel and each time he answered in the affirmative.

Opinion in Support of Order Denying Petitioner's PCRA Petition, 6/27/23, at 1-4 (unpaginated) (unnecessary capitalization omitted).

On April 20, 2023, Attorney Hoke, on Johnson's behalf, filed a motion for a hearing on Johnson's request for new counsel. The PCRA court held a hearing on June 8, 2023, after which the court reserved a decision on both the pending PCRA petition and Johnson's request for new counsel until the transcript from the April 4, 2023 hearing was completed. On June 27, 2023, the PCRA court denied Johnson's PCRA petition, did not address Johnson's request for new counsel, and issued an opinion in support of its order.

On July 22, 2023, Johnson filed a timely notice of appeal, followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Johnson raises five claims of PCRA court error and one claim, with three sub-claims, of layered ineffective assistance of counsel. *See* Appellant's Brief, at 4-5. Johnson's claims with respect to the alleged ineffective assistance of PCRA counsel is as follows:

> Whether PCRA [c]ounsel, [Attorney] Hoke[] was ineffective for failing to raise additional claims on behalf of [Johnson], specifically as follows:
>
> a. Whether [t]rial [c]ounsel was ineffective for failing to impeach the testimony of Mary Schroeder and Wendell Johnston with photographs taken by [t]rial [c]ounsel's private investigator?
>
> b. Whether [t]rial [c]ounsel was ineffective for failing to object to misrepresentation of facts stated by the Commonwealth in [its] opening statements?
>
> c. Whether [t]rial [c]ounsel was ineffective for failing to subpoena other witnesses identified in the discovery packet, who may have been beneficial to the defense?

*Id.*

In its Rule 1925(a) opinion, the PCRA court stated that a review of the record is sufficient to allow for the disposition of Johnson's layered ineffective assistance of counsel claims. Because counsel is unable to assert her own ineffectiveness, Attorney Hoke reserved the issue. *See* Appellant's Brief, at 19. Prior to filing his appellate brief, Johnson filed a *pro se* application for remand so that new counsel may be appointed to pursue his layered ineffective assistance of counsel claims. *See* Application for Remand,

- 4 -

10/25/23. The Commonwealth has not responded to the application for remand.

We begin our review with Johnson's application for remand. Our Supreme Court has held that a PCRA petitioner may "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021). By allowing PCRA counsel ineffectiveness claims to be raised for the first time on collateral appeal, the *Bradley* Court recognized that remand may be necessary:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. [*Commonwealth v.*] *Holmes*, 79 A.3d [562,] 577 [(Pa. 2013)]. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," [*Commonwealth v.*] *Hall*, 872 A.2d [1177,] 1182 [(Pa. 2005)]; however, where there are "material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]" [*Commonwealth v.*] *Grant*, 813 A.2d [726,] 740 n.2 (Pa. 2002) (Saylor, J., concurring).

*Id.* at 402. We are not tasked with developing the record, but rather "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Id.* at 402-3. The appropriate forum for the development of an evidentiary record on PCRA claims is the PCRA court, as the appellate

courts do not serve as factfinding courts. *See Commonwealth v. Shaw*, 247 A.3d 1008, 1017 (Pa. 2021).

In the instant case, Johnson is currently represented by the PCRA counsel whose effectiveness he wishes to challenge. Thus, we conclude that he has complied with the requirement to raise this issue at the first opportunity. Additionally, given that he is still represented by PCRA counsel, Johnson has not had the opportunity to develop his claims before the PCRA court[1] or this Court. While Johnson's claims are underdeveloped, they do not appear to be simply boilerplate assertions.[2] *See Bradley*, *supra*. Because we are not tasked with developing the record, nor are we a factfinding court, we grant Johnson's application for remand to the PCRA court and vacate the order dismissing his PCRA petition. Upon remand, the PCRA court shall appoint new counsel to file an amended petition on Johnson's behalf, wherein

---

[1] The PCRA court highlights Attorney Hoke's statement during the evidentiary hearing that she "engaged in lengthy discussions with [Johnson] about his case and the claims he wished to raise." Trial Court Opinion, 10/17/23, at 7; *see also* N.T. PCRA Hearing, 4/4/23, at 4. Such a statement is not sufficient to determine and dispose of Johnson's claims.

[2] Johnson's ineffectiveness claims are layered, and, if trial counsel was ineffective with respect to these claims and PCRA counsel was similarly ineffective, there was no prior opportunity to develop the record with respect to this issue. Moreover, we note that our review of the evidentiary hearing transcript indicates that trial counsel was not questioned by PCRA counsel as to photographs taken by a private investigator and what they contained, whether there were misrepresentations by the Commonwealth in opening statements to which trial counsel should have objected, or why trial counsel did or did not consider calling eyewitnesses to testify at trial to bolster Johnson's defense.

counsel shall more fully develop the ineffectiveness claims suggested from the current appeal. Thereafter, the PCRA court must address any claims properly raised in the amended petition.

Order vacated; case remanded for further proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>03/07/2024</u>